IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    2001 MAY 15 P 3: 37

TARSHA NICKOL HUNTER,    )
                         )
        Plaintiff,       )
                         )        CIVIL ACTION NO.: 2:07-CV-427-WHA
vs.                      )
                         )
MOBIS ALABAMA, LLC,      )
                         )        PLAINTIFF DEMANDS TRIAL BY
        Defendant.       )        STRUCK JURY.

## COMPLAINT

### JURISDICTION AND VENUE

1.  This is a suit to obtain relief for pregnancy discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper in that the Defendant employed the Plaintiff in Montgomery County, Alabama.

## PARTIES

4.      The plaintiff, Tarsha Nickol Hunter, is a female resident of Montgomery

County, Alabama.

5.      Defendant, MOBIS Alabama, LLC ("MOBIS"), is a foreign corporation

incorporated in the State of Delaware maintaining its principal place of

business in Montgomery County, Alabama.


## ADMINISTRATIVE REMEDIES

6.      The defendant terminated Ms. Hunter on August 25, 2006.

7.      Ms. Hunter filed a Charge of Discrimination (420-2006-04825) with the

Equal Employment Opportunity Commission ("EEOC") within 180

days of her termination. A copy of said EEOC Charge is attached hereto

as "Exhibit 1."

8.      The EEOC issued a Dismissal and Notice of Rights to Ms. Hunter on

April 5, 2007. A copy is attached hereto as "Exhibit 2."

9.      Ms. Hunter filed this suit within 90 days of April 5, 2007.

10.     All conditions precedent to the institution of this lawsuit have been

fulfilled.

## FACTUAL ALLEGATIONS

11.   Ms. Hunter began working for the defendant as a temporary employee
      on March 6, 2006.

12.   Ms. Hunter began working for the defendant on June 5, 2006 as a full
      time, non-temporary employee.

13.   Ms. Hunter worked for the defendant as an accounting specialist
      earning an annual salary of $27,594.00.

14.   Ms. Hunter's immediate supervisor was Sonechka Womack.

15.   Ms. Hunter also reported to Ms. Womack's supervisor, J. Kim.

16.   J. Kim is the defendant's Chief Financial Officer.

17.   After Ms. Hunter's employment was converted from temporary status
      in June 2006, the defendant required Ms. Hunter to take a drug test.

18.   As a result of the drug test ordered by the defendant, Ms. Hunter
      learned she was pregnant.

19.   Upon learning of her pregnancy, Ms. Hunter informed the Defendant

that she was pregnant.

20.   After Ms. Hunter told Mr. Kim about her pregnancy, he terminated her.

21.   On August 25, 2006, Mr. Kim terminated Ms. Hunter.

22.   As of August 25, 2006, the defendant had not issued any form of formal discipline to Ms. Hunter.

23.   Ms. Hunter was physically able to continue performing her job duties for the defendant.

24.   Ms. Hunter's doctor had advised her that she could continue working until her due date.

## COUNT I

## PREGNANCY DISCRIMINATION

25.   Ms. Hunter adopts the above facts in support of this Count.

26.   The defendant singled out Ms. Hunter for adverse treatment because she was pregnant.

27.   The defendant treated similarly situated, non-pregnant employees more favorably than Ms. Hunter.

28.    The defendant terminated Ms. Hunter due to her pregnancy.

29.    Pregnancy is a gender specific condition..

30.    The defendant's discriminatory conduct injured Ms. Hunter.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully requests the entry of judgment under Title VII, as amended by the Pregnancy Discrimination Act, against the defendant pursuant to an Order awarding:

a.    compensatory damages;

b.    punitive damages;

c.    injunctive relief, including back-pay (plus interest calculated at the applicable NLRB interest rates), reinstatement and/or front-pay;

d.    that relief which is fair, just, and equitable under the circumstances of this case;

e.    reasonable attorneys fees;

f.    pre-judgment interest; and

g.    the costs of this suit.

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

*Heather Leonard*

Heather N. Leonard
Attorney Code - NEW018
ASB-1152-061H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
The Gross Building
2108 Rocky Ridge Road, Suite 1
Birmingham, AL 35216
Phone:        (205) 978-7899
Facsimile:  (205) 278-1400
E-mail:       Heather@HeatherLeonardPC.Com

SERVE DEFENDANTS VIA CERTIFIED MAIL:

MOBIS Alabama, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 420-2006-04825 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Tarsha Hunter** | **(334) 356-5910** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **4100 B Perdido Drive, Montgomery, AL 36110** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **MOBIS ALABAMA, LLC** | **15 +** | **(334) 387-4800** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1395 Mitchell Young Road,  Montgomery, AL 36108** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-25-2006**    Latest **08-25-2006**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed with the above-named employer on June 5, 2006.  I found out that I was pregnant, and the employer discharged me on August 25, 2006.

Because I was ill and needed to be off for medical treatment, I informed Jay Kim that I was pregnant.  From that point, Mr. Kim went through Soncchak Womack, my supervisor, in communicating with me.  On August 25, 2006, I asked Ms. Womack if I could meet with her and Jay Kim.  I was told that my probationary period was ending on September 2, 2006, and that I was terminated.  Mr. Kim could not give a firm reason for my termination but stated he "can't take care of a person like me."  Tracy Reilder, Human Resources, stated that "if any new employee on their 90-day probation period is absent up to three days, they are automatically terminated."  I believe my termination was due to being absent because of my pregnancy related illness.

I believe that I have been discriminated against by being discharged, because of my gender, female,  as it relates to my pregnancy, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X        X  9/19/06   _Tarsha Hunter_  Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   SEP 21 2006 |

**EXHIBIT**

tabbies 1

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Tarsha Hunter<br>4100-B Perdido Drive<br>Montgomery, Alabama 36110 | From: Equal Employment Opportunity Commission<br>Ridge Park Place<br>1130 South  22nd Street South, Suite 2000<br>Birmingham, Alabama 35205 |

|   [       ]   | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* |
|---|---|

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 04825 | Rita W. Sterling, Investigator | (205) 212-2060 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

| | | |
|---|---|---|
| [  X  ] | More than 180 days have passed since the filing of this charge. |
| [       ] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge. |
| [  X  ] | The EEOC is terminating its processing of this charge. |
| [       ] | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| [       ] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
| [       ] | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Delner Franklin-Thomas, District Director

4/5/07

*(Date Mailed)*

Enclosure(s)

cc:    Heather Leonard, P.C.
      2108 Rocky Ridge Road
      Suite One
      Birmingham, Alabama 35216

      Henry C. Barnett, Jr.
      CAPELL & HOWARD
      Attorneys At Law for Mobis Alabama, LLC



EXHIBIT
2