## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| TARSHA NICKOL HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| vs. | ) | 2:07-CV-427-WHA |
| | ) | |
| MOBIS OF ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER

**COMES NOW** the Defendant, **MOBIS Alabama, LLC (hereinafter referred to as "MOBIS")**, and would respond to the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.      MOBIS admits that Plaintiff seeks to invoke the statutes cited in Paragraph 1 of the Complaint, but denies that it has violated those statutes and denies that Plaintiff is entitled to any relief whatsoever.

2.      MOBIS admits only that this Court has subject matter jurisdiction over this action.

3.      Admitted.

### PARTIES

4.      MOBIS admits the allegations of Paragraph 4 on information and belief based on its last knowledge of Plaintiff's circumstances.

5.      Admitted.

### ADMINISTRATIVE REMEDIES

6.      Admitted.

7.      MOBIS admits only that Plaintiff filed a charge of discrimination with the EEOC, but denies the filing date pending verification through discovery.

8.      MOBIS admits that the EEOC issued a dismissal and notice of rights to sue letter, but denies the alleged date pending verification through discovery.

9.      Admitted.

10.     Denied pending verification through discovery.

## FACTUAL ALLEGATIONS

11.     Denied.  Plaintiff's start date was March 6, 2006.

12.     MOBIS admits that the Plaintiff began working for it on June 5, 2006, as a regular full time employee and that she no longer worked through a temporary employment agency as of that date.  In further answer to Paragraph 12 of the Complaint, MOBIS states that on June 5, 2006, Plaintiff was employed on a ninety (90) day probationary period on the same terms applicable to all new MOBIS employees.

13.     Admitted, except Plaintiff's salary was $27,540.00.

14.     Admitted.

15.     Denied.  Plaintiff reported to Ms. Womack, who in turn reported to J. Kim.

16.     Admitted.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Denied.

1091973

21.    MOBIS admits that Plaintiff was terminated on August 25, 2006, and that the termination was on Mr. Kim's recommendation.  All final decisions on terminations are approved by MOBIS' Human Resources Senior Manager, Tracy Riedler.

22.    Denied. Plaintiff was counseled on several occasions about her poor attendance and unreliability.  MOBIS delayed offering regular full time employment to Plaintiff because of her poor attendance as a temporary employee, and when MOBIS finally did offer Plaintiff regular full time employment, advised Plaintiff that her attendance would be monitored and that it must improve. Probationary employees who have three (3) attendance occurrences (*i.e.* an absence, tardy or early departure from work) within the first ninety (90) days are terminated. Plaintiff had seven (7) attendance occurrences in her first sixty (60) days of probationary employment.

23.    Admitted to MOBIS' best information and belief.

24.    MOBIS is without sufficient information to admit the allegations in Paragraph 24 of the Complaint; therefore, such allegations are denied pending verification in discovery.

## COUNT 1

## PREGNANCY DISCRIMINATION

25.    All allegations contained in Paragraphs 1 through 24 of the Complaint not specifically admitted above, are denied.

26.    Denied.

27.    Denied.  All female probationary employees are treated the same with respect to MOBIS' attendance policy without regard to pregnancy.

28.    Denied.

29.    Admitted.

30.     Denied.

31.     All allegations of the Complaint not specifically admitted above, are hereby denied.

32.     MOBIS denies that Plaintiff is entitled to any relief whatsoever and that she should take nothing from this action.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The statute of limitations bars some or all of Plaintiff's claims against MOBIS.

### SECOND DEFENSE

The claims in this complaint may not be brought pursuant to 42 U.S.C. § 2000e unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statutes as to all defendants.  To the extent that Plaintiff raises claims not made the subject of the EEOC charges she relies upon in the Complaint, or alternatively, not made the subject of a timely signed, verified EEOC charge naming Defendants as a respondent, or raises claims that arose more than 180 days before the filing of a EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit. Any and all claims not raised in a lawsuit timely-filed within ninety days of the Plaintiff's receipt of a Notice of Rights letter from the EEOC may not be litigated in this action.

### THIRD DEFENSE

Some or all of Plaintiff's claims fail to state claims for which relief can be granted.

### FOURTH DEFENSE

There are no similarly-situated male or female employees who were not pregnant who have received lesser or different discipline than did Plaintiff for similar offenses.

1091973

**FIFTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**SIXTH DEFENSE**

All employment decisions made by MOBIS respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons. MOBIS denies that Plaintiff's gender or pregnancy were substantial contributing factors in any decision regarding her employment, including the decision to terminate her employment.

**SEVENTH DEFENSE**

Assuming *arguendo* that Plaintiff provides some evidence that she contends establishes that an adverse employment action taken against her was motivated in part by gender or pregnancy, MOBIS claims the *Price Waterhouse/Mt. Healthy* defense because it would have treated Plaintiff the same in all respects for other legitimate non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals. Where an employer in a "mixed motive" case proves that it would have made the same decision absent the alleged bias it has a complete defense from liability under Title VII. *See, e.g., Pennington v. City of Huntsville,* 261 F.3d 1262, 1269 (11th Cir. 2001).

**EIGHTH DEFENSE**

Plaintiff is estopped and lacks clean hands to seek the equitable relief she requests due to violation of MOBIS' employee conduct and work rules including, but not limited to, poor performance after several warnings.

**NINTH DEFENSE**

MOBIS states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against MOBIS rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

**TENTH DEFENSE**

The amount of damages that Plaintiff might recover from MOBIS under Title VII is subject to the damage limitations in 42 U.S.C. § 1981(a)(B)(3).

**ELEVENTH DEFENSE**

An award of punitive damages in this case is not appropriate.

**TWELFTH DEFENSE**

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

**THIRTEENTH DEFENSE**

To the extent that Plaintiff's claims have been waived, they are barred.

**FOURTEENTH DEFENSE**

To the extent that Plaintiff might have been guilty of conduct, as yet unknown to MOBIS or made known to MOBIS after the termination of Plaintiff's employment, which conduct would have prevented Plaintiff's employment or caused discharge, she is barred from seeking some or all damages.

**FIFTEENTH DEFENSE**

Plaintiff complains about decisions made by different decision-makers.

**SIXTEENTH DEFENSE**

The doctrine of laches bars some or all of Plaintiff's claims.

**SEVENTEENTH DEFENSE**

Defendants plead judicial estoppel and lack of standing as to Plaintiff's claims.

**EIGHTEENTH DEFENSE**

MOBIS pleads the "same actor" defense.

**NINETEENTH DEFENSE**

MOBIS maintained an effective policy against gender and pregnancy discrimination and Plaintiff failed to avail herself of the protections afforded by such policy.

**TWENTIETH DEFENSE**

Plaintiff is not entitled to recover any compensatory damages or punitive damages herein, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plead facts sufficient to support such damages.

**TWENTY-FIRST DEFENSE**

With respect to all of Plaintiff's claims, Defendants plead, in the alternative and without waiving any other defense, that the acts of MOBIS were privileged under the law including, but not limited to, under the employment-at-will doctrine.

**TWENTY-SECOND DEFENSE**

MOBIS reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted,


/s/Henry C. Barnett, Jr.
HENRY C. BARNETT, JR. (BAR037)

*ATTORNEY FOR MOBIS ALABAMA, LLC*

**OF COUNSEL**:
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL  36102
Telephone:  (334) 241-8059
Facsimile:   (334) 323-8888


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of June 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Heather N. Leonard
Heather N. Leonard, P.C.
2108 Rocky Ridge road
Suite 1
Birmingham, Alabama 35216

/s/Henry C. Barnett, Jr.
OF COUNSEL

1091973