IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARSHA NICKOL HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | 2:07-cv-427-WHA |
| MOBIS ALABAMA, LLC, ) | |
| ) | UNOPPOSED |
| Defendant. ) | |

### UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER

COMES NOW the Plaintiff and moves this Honorable Court to enter the attached Privacy Protective Order in order to protect the privacy of non-parties in this action. This motion should be granted for the following reasons:

1. The Plaintiff brings this action pursuant to Title VII alleging claims of pregnancy discrimination. Specifically, the Plaintiff alleges that the Defendant's decision to terminate her after learning of her pregnancy amounted to unlawful discrimination based on her pregnancy. Defendant disputes Plaintiff's allegations and asserts that Plaintiff was discharged for legitimate, non-discriminatory reasons.

2. In order to engage in meaningful discovery, the Plaintiff will need to request personnel information relevant to non-party comparators and decision makers.

3. In order to avoid any unnecessary delay in discovery as well as to protect the privacy of non-parties to this action, the Plaintiff requests that the attached Privacy Protective Order be entered in this action.

4. The Plaintiff has conferred with the Defendant, and the Defendant has no objection to the entry of this order.

WHEREFORE PREMISES CONSIDERED, the plaintiff respectfully requests that this Honorable Court enter the attached Privacy Protective Order.

/s/ *Heather N. Leonard*
Heather Newsom Leonard
Attorney for Plaintiff

OF COUNSEL:

HEATHER LEONARD, P.C.
The Gross Building
2108 Rocky Ridge Road, Suite 1
Birmingham, AL  35216
Telephone:  (205) 978-7899
Facsimile:   (205) 278-1400

# **CERTIFICATE OF SERVICE**

I I hereby certify that a copy of the above and foregoing has been served on the following counsel via the Court's electronic filing system on October 12, 2007, addressed as follows:

Henry C. Barnett, Jr.
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL 36102
Telephone:  (334) 241-8059
Facsimile:   (334) 323-8888


/s/ *Heather N. Leonard*
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TARSHA NICKOL HUNTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 2:07-CV-427-WHA |
| vs. | ) |
| | ) |
| **MOBIS ALABAMA, LLC,** | ) |
| | ) |
| Defendant. | ) |

**<u>PROTECTIVE ORDER</u>**

The Defendant has requested that a protective order be entered with respect to documents which will be produced and testimony which will be elicited during discovery in the above-styled action. Since confidential materials and information concerning the Defendant, within the contemplation of F.R.C.P. 26(c), may be the subject of such discovery, it is HEREBY ORDERED
THAT:

1. The term "confidential material" shall initially be deemed to refer to any documents produced by the Defendant in this case. The term "confidential material" also refers to any deposition testimony, or transcripts or recordings thereof, designated as confidential by the Defendant in this case.

Plaintiffs counsel shall notify opposing counsel in writing if he does not agree that such documents or deposition testimony contain confidential material or information of the nature set forth in Rule 26(c) (7) of the Federal Rules of Civil Procedure. If Defendant's counsel objects in writing to such notice within seven (7) calendar days, such documents or deposition testimony shall continue to be considered confidential material subject to this Protective Order unless otherwise ordered by the Court. In the event of a written objection by Defendant, Plaintiff's counsel may petition the Court for an order declaring that such documents or deposition testimony are not subject to this Protective Order.

2. The inadvertent or unintentional disclosure of confidential material will not be construed to be a waiver, in whole or in part, of (1) the producing party's claims of confidentiality either as to the specific information disclosed or (2) the parties' rights later to designate such materials as "Confidential" pursuant to this Order.

3. If for any reason confidential material is to be filed with the Court (as part of any motion, brief, deposition or otherwise), it shall be placed in a sealed envelope marked

"CONFIDENTIAL" and shall not be made available or accessible to any person other than those specified in paragraphs 5 and 6 below. Confidential material filed with the Court and marked "CONFIDENTIAL" shall bear substantially the following legend:

> This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court.

     4.    If testimony includes or pertains to confidential material, counsel may designate such testimony to be confidential and direct the court reporter to place the transcript of that portion of the witnesses' testimony and all copies thereof in sealed envelopes marked "CONFIDENTIAL" and bearing substantially the following legend:

> This envelope containing a confidential portion of the transcript of the deposition of (name of witness) is not to be opened nor the contents thereof to be displayed or revealed except in accordance with the terms of the Protective Order of the Court.

The portion of the deposition designated to be confidential material shall be filed with the Court in the manner specified in paragraph 3 above and shall not be made available or accessible to any person other than those specified in paragraphs 5 and 6 below.

     5.    Until further agreement among the parties or order of the Court, the attorneys for all parties will treat the claimed confidential material or information as confidential, using it for purposes of this lawsuit only, confidential information shall not be used for any other purposes, including but not limited to, other cases, proceedings or disputes or any commercial, business or competitive purpose. Said attorneys shall take all reasonable precautions to prevent its disclosure to any person except themselves, and secretaries or paralegal personnel in the attorneys' offices who are aiding the attorneys in the litigation of the claims here in suit.

     6.    Confidential material may be disclosed to the attorneys for the named parties, and persons regularly employed in the attorney's offices whose assistance is required by the attorneys for the named parties in the preparation of trial of this action. Confidential material may also be disclosed to the named plaintiff in this litigation and the experts and consultants employed by the attorneys, provided that these parties agree in writing to be bound by the terms of this Order in accordance with the provisions of paragraph 7 below.

     7.    Before confidential material may be disclosed to experts or consultants who either counsel for the party seeking disclosure shall first advise opposing counsel in writing of his intent to disclose confidential material, specifying in reasonable detail the persons(s) to whom disclosure is to be made and the materials to be disclosed. If opposing counsel objects to such disclosure within seven (7) calendar days, such disclosure shall not be made. Counsel may then petition the Court for permission to disclose such information over the objection of opposing counsel. Any such person to whom confidential material is to be disclosed, either by agreement or by permission granted by the Court, shall first be advised by the attorney making the disclosure that pursuant to this protective order such person may not divulge any such

confidential material to any other person. The attorney shall secure from such person an affidavit that he/she has read this protective order and understands that, pursuant to this protective order, he/she may not, and that he/she undertakes not to divulge any confidential material except as provided in this Order. Such affidavit shall be maintained in the possession of the attorney until further order of the Court.

      8.    After this case is finally completed, including the final exhaustion of all appeals, all materials coming within the provisions hereof, including all copies thereof, either shall be returned to the parties or, at the written direction of the parties, shall be destroyed by the party possessing them.

      9.    The provisions of this Order will survive and remain in full force and effect after the entry of a final judgment, including any appellate proceeding in this case, either by settlement or litigation. This Court retains jurisdiction, including the period after the entry of a final judgment, to enforce, construe, interpret and amend the provisions of this Order.

      10.    Nothing in this Order shall operate to prevent any confidential document from being admissible into evidence in this action at trial.

      11.    Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

      12.    In addition to other remedies available to the parties, violation of this Order shall subject the violator to all appropriate sanctions as provided under law, including but not limited to contempt citation.

      **DONE** on this the _____ day of _____, 2007.

_____
United States District Judge