IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARSHA NICKOL HUNTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No.: 2:07-CV-427-WHA |
| vs. | ) |
| | ) |
| MOBIS ALABAMA, LLC, | ) |
| | ) |
|     Defendant. | ) |

## DEFENDANT MOBIS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Defendant MOBIS Alabama, LLC (hereinafter "MOBIS") and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court for summary judgment on all Plaintiff's claims. In support of this Motion, MOBIS files an accompanying Memorandum of Law, and states as follows:

    1.    MOBIS maintains its principal place of business at 1395 Mitchell Young Road, Montgomery, Alabama. MOBIS is a Tier I supplier to Hyundai Motor Manufacturing Company ("Hyundai"). As such, MOBIS manufactures certain original equipment automotive components for use by Hyundai at its vehicle final assembly plant, also located in Montgomery.

    2.    Plaintiff came to work at MOBIS on March 6, 2006, when her employer, Multi Staffing, assigned her to work as a temporary employee ("Temp") in MOBIS' Accounting Department. During the three (3) months that Plaintiff worked as a Temp, her attendance and punctuality were very poor--she was absent, tardy or left early 17 times in the course of only 90 days. Regardless, Plaintiff's direct supervisor, Ms. Womack, persuaded the head of Accounting, Mr. Kim, to hire Plaintiff as a probationary

employee, and Plaintiff assured them that her attendance issues would improve. Nevertheless, Plaintiff was absent for all or part of the day seven (7) more times in the next two and a half months.

3. MOBIS' policy for probationary employees provides that such employees are to be terminated after three (3) attendance "occurrences." An occurrence is defined as an absence for all or part of the day, a tardy, or an early departure from work. This is a so-called "no fault" policy, meaning that probationary employees are allowed two (2) incidences and are terminated after the third no matter what the reason for the incident. Plaintiff admits that she understood MOBIS' attendance policy for probationary employees and knew that it applied to her.

4. Plaintiff should have been terminated on July 27, 2006 after her third attendance occurrence, but she wasn't because Mr. Kim was not familiar with the specific number of attendance incidences allowed for probationary employees. As a result, Plaintiff remained employed almost two months longer than she should have, but her termination on August 25, 2006 ultimately came about as a result of the standard review process that occurs for all probationary employees toward the end of their probationary period.

5. Plaintiff claims that MOBIS terminated her employment because she was pregnant. She also alleges that Mr. Kim further discriminated against her by communicating with her through her supervisor, Ms. Womack, after she became pregnant. MOBIS can demonstrate conclusively that Mr. Kim's regular preference is to communicate with employees in Accounting through their supervisor when practical, and that nothing changed in that regard after Mr. Kim learned of Hunter's pregnancy. In

2

short, Mr. Kim did not treat Plaintiff more or less favorably than any other similarly-situated employee, and his behavior towards her did not change when he found out that she was pregnant. Plaintiff also alleges that additional evidence of discrimination was Mr. Kim's statement that he "can't take care of a person like [Hunter]." The uncontroverted evidence shows that Mr. Kim uses that phrase to convey that he expects his staff to handle their responsibilities without unnecessarily involving him or others. In short, Plaintiff's circumstantial evidence that MOBIS terminated her employment for discriminatory reasons is unsubstantiated.

6. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Jameson v. Arrow Co.*, 75 F.3d 1528 (11th Cir. 1996). The party asking for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

7. A plaintiff establishes a *prima facie* case of discrimination under the PDA/Title VII by showing: (1) she belongs to a "protected" class; (2) she was qualified to do her job; (3) she suffered an adverse employment action; and (4) her employer treated similarly situated employees outside her classification more favorably. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997) (citing *McDonnell Douglas*, 411 U.S. at

3

802); *see also Armstrong,* 33 F.3d at 1314 (describing the fourth prong as follows: "that she suffered from differential application of work or disciplinary rules").

8.  Plaintiff has not identified a similarly situated comparator who was treated more favorably as required to meet her burden of proof for a *prima facie* case of pregnancy discrimination pursuant to Title VII. Additionally, Plaintiff testified that her suspicions on discrimination are based in large part on the terminations of two pregnant employees and the departure of another pregnant employee. MOBIS can show conclusively that Plaintiff's suspicions in this regard are based wholly on rumors and supposition and do not create a genuine issue of fact for purposes of summary judgment.

9.  MOBIS' reason for terminating Plaintiff was legitimate and not a pretext for discrimination. As described above and in more detail in MOBIS' accompanying Memorandum of Law, all new employees at MOBIS, including those who have worked as Temps, serve a 90-day probationary period during which their suitability for the fast paced and exacting work environment is evaluated. The attendance policy for probationary employees provides that such employees are to be terminated after three (3) attendance "occurrences." It is undisputed that Plaintiff was in clear violation of the attendance policy because she had seven attendance occurrences comprised of three absences in addition to four tardies or early departures. In sum, MOBIS discharged Plaintiff because she violated the attendance policy. This legitimate, nondiscriminatory reason entitles MOBIS to summary judgment.

10. Plaintiff cannot produce any evidence that Ms. Reidler or Mr. Kim discharged her because of a discriminatory motive. Ms. Reidler was the ultimate decision-maker who advised Mr. Kim of the changed attendance policy, as well as the

fact that Mr. Kim could not retain Plaintiff as an employee since she was in clear violation of the policy. Ms. Riedler did not know that Plaintiff was pregnant when she made the decision to terminate Plaintiff's employment. There is likewise no evidence that Plaintiff's pregnancy motivated Mr. Kim's decision to not want to retain Plaintiff as an employee in Accounting. Mr. Kim testified unequivocally that Plaintiff's attendance problems led to her termination, not her pregnancy.

11.   It is also undisputed that MOBIS has had many employees take FMLA leave for pregnancy and return to their former positions without incident. MOBIS treats pregnancy the same as any other illness or sickness with regard to its attendance policies. Plaintiff's only showing in that regard is her misunderstanding based on rumors and hearsay that MOBIS had terminated the two aforementioned pregnant employees, and that Mr. Kim referred to another employee's pregnancy as a "disgrace," none of whom she knew and about which she knew nothing. This "evidence" does not create an issue of fact for purposes of summary judgment.

12.   In sum, Plaintiff's allegations of pregnancy discrimination are supported by nothing more than rumors, suspicions, and unsupported supposition. Plaintiff cannot produce any evidence that MOBIS' legitimate reason for discharging Plaintiff, that she was in clear violation of the attendance policy, was a pretext for a discriminatory motive.

13.   In conclusion, MOBIS terminated Hunter's employment for reasons that are objectively legitimate, nondiscriminatory and non-pretextual. Hunter's attendance and dependability were not acceptable the entire time she was an employee at MOBIS, and she was not treated any differently than any other similarly-situated employee. Plaintiff has not shown that she was a victim of discrimination, only that she did not

receive preferential treatment. For the foregoing reasons, MOBIS submits that this Court should enter summary judgment in its favor as to all counts against it contained in Hunter's Complaint, dismiss the Complaint and all claims in this lawsuit against MOBIS with prejudice, and tax costs against Plaintiff.

                                              Respectfully submitted,

                                              /s/ Henry C. Barnett, Jr.
                                              **HENRY C. BARNETT, JR. (BAR 037)**
                                              *ATTORNEY FOR DEFENDANTS*

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 241-8259

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was served upon the following via CM/ECF Electronic Filing System on this the 31st day of March, 2008.

                            Heather N. Leonard
                            Heather N. Leonard, P.C.
                            2108 Rocky Ridge road
                            Suite 1
                            Birmingham, Alabama 35216

                                              /s/ Henry C. Barnett, Jr.
                                              OF COUNSEL