**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TARSHA NICKOL HUNTER,   ) | |
|                                               ) | |
|     Plaintiff,                        ) | |
|                                               ) | **CASE NUMBER:** |
| v.                                          ) | |
|                                               ) | **2:07-cv-427-WHA** |
| MOBIS ALABAMA, LLC,       ) | |
|                                               ) | |
|     Defendant.                    ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on July 2, 2008, wherein the following proceedings were held and actions taken:

1.     <u>PARTIES AND TRIAL COUNSEL</u>:

    For the Plaintiff, Tarsha Hunter:    Heather Leonard
                                                       Heather Leonard, P.C.

    For the Defendant, MOBIS Alabama, LLC:    Henry C. Barnett, Jr.
                                                       Capell & Howard, P. C.

    <u>COUNSEL APPEARING AT THE PRETRIAL HEARING</u>:

    Same as trial counsel

2.     <u>JURISDICTION AND VENUE</u>:

    This is an action brought under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(4). Venue is proper.

3.     <u>PLEADINGS</u>:

    The following pleadings and amendments were allowed: Complaint and Answer. After completing discovery, MOBIS hereby withdraws the following

Affirmative Defenses set forth in its Answer:  First Affirmative Defense (statute of limitations), Second Affirmative Defense (timely satisfaction of administrative prerequisites), Third Affirmative Defense (failure to state a claim for which relief can be granted), Twelfth Affirmative Defense (possible fraudulent claims), Thirteenth Affirmative Defense (waiver), Fourteenth Affirmative Defense, Sixteenth Affirmative Defense (laches), Seventeenth Affirmative Defense (judicial estoppel and lack of standing), Nineteenth Affirmative Defense (failure to invoke MOBIS' anti-discriminatory policies), and Twenty-Second Affirmative Defense.

By way of clarification, Affirmative Defense number seven asserts the *Price Waterhouse* defense, as modified by the Civil Rights Act of 1991, to limit Plaintiff's damages to attorney's fees and injunctive relief. *See*, Eleventh Circuit Pattern Jury Instructions 1.2.1 and Special Interrogatories that follow.

4. CONTENTIONS OF THE PARTIES:

The Plaintiff

The Pregnancy Discrimination Act ("PDA") protects women against discrimination based on pregnancy or pregnancy related conditions.  42 U.S.C. § 2000e(k).  The Defendant's decision to terminate Ms. Hunter violated the PDA. She seeks backpay from the date of her termination, less interim earnings, compensatory damages to be determined by the trier of fact, punitive damages to be determined by the trier of fact, injunctive relief, including, but not limited to, backpay, reinstatement and/or reasonable front pay, pre-judgment interest, post-judgment interest, reasonable attorney's fees, and costs,

<u>The Defendant</u>

Defendant MOBIS did not violate the Pregnancy Discrimination Act when it terminated Plaintiff's employment. Plaintiff was absent or missed several hours of work on at least seven (7) occasions during her ninety (90) day probationary period. Plaintiff's absences exceeded the number allowed under MOBIS' no-fault Attendance Policy for Probationary Employees and this is the reason MOBIS terminated her. MOBIS has applied its Attendance Policy evenhandedly since it was first implemented on March 21, 2005. MOBIS treated Plaintiff the same way it has treated other employees who have violated its attendance policy, but were not pregnant. The Pregnancy Discrimination Act does not entitle Plaintiff to receive special treatment or privileges due to her pregnancy rather, it only entitles her to the same treatment received by her co-employees who are not pregnant. Plaintiff is not entitled to recover any of the damages or relief she seeks to recover in this action.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES:</u>

(a) Tarsha Hunter began working for MOBIS on March 6, 2006, as a temporary employee assigned to MOBIS by her employer Multi-Staffing, Inc.

(b) While working as a temporary employee, Plaintiff filled out daily time records where she recorded her arrival and departure times at work and number of hours she worked. Plaintiff periodically submitted her time records to Multi-Staffing which paid her based on the number of hours

worked.

(c) Ms. Hunter worked as an Accounting Specialist, Treasury in the accounting department under the supervision of Sonechka Womack.

(d) Ms. Womack, the Assistant Manager, Treasury, reported to Jay Kim, MOBIS's CFO.

(e) MOBIS hired Ms. Hunter on June 5, 2006, as a full-time probationary employee after she had worked as a temporary employee for three months.

(f) Ms. Hunter took a home pregnancy test on June 6, 2006 which showed she was pregnant.

(g) Ms. Hunter told Mr. Kim about her pregnancy on Wednesday, August 9, 2006.

(h) MOBIS terminated Ms. Hunter on August 25. MOBIS told Hunter that she was being terminated due to her attendance record.

It is ORDERED that:

1. The jury selection and trial of this cause, which is to last three (3) days, are set for August 11, 2008, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

2. A trial docket will be mailed to counsel for each party approximately four weeks prior to the start of the trial term;

3. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the

        judge to each have a set of the exhibits;

4.    **IF REQUIRED**: Trial briefs are required to be filed by

        _____N/A_____.

        **IF NOT REQUIRED:** The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than July 21, 2008.

5.    All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #13 ) entered by the court on August 23, 2007;

6.    All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the court.

DONE this 2nd day of July, 2008.

                                        /s/ W. Harold Albritton
                                        W. Harold Albritton
                                        Senior U. S. District Judge