**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

July 11, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Tarsha Hunter vs. Mobis Alabama, LLC**
**Case Number: 2:07cv427-WHA**

**Pleading : #37 - Plaintiff's Objections to Defendant's Witness List**

**Notice of Correction is being filed this date to advise that the referenced pleading was e-filed on 7/10/08 with the incorrect title of the pleading. The plaintiff is only objecting to the defendant's witness list.**

 **The corrected pdf document is attached to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARSHA NICKOL HUNTER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:07cv-427-WHA |
| | ) |
| MOBIS ALABAMA, LLC, | ) |
| | ) |
|    Defendant. | ) |

_____

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST
FILED JULY 9, 2008
_____

COMES NOW the Plaintiff and identifies the following objections to the defendant's witness list filed on July 9, 2008:

## OBJECTIONS TO WITNESS LIST

1. The Plaintiff objects to the Defendant calling any witnesses not identified in the Defendant's Initial Disclosures, or supplements thereto.

   a. Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires parties to provide to opposing parties teh name, address, and phone number of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . , identifying the subjects of the information."

   b. In the Defendant's Initial Disclosures, it identified Tracy Riedler, Ruth Heard, Jay Kim, and Snoechka Womack. The Plaintiff objects to the Defendant calling the following witnesses on the grounds that the

      Defendant failed to disclose said witnesses in its Initial Disclosures, or supplements thereto:

      i.    Curt Bennett

      ii.    Representatives of Multi-Staffing, Career Personnel, Blair Personnel, Professional Personnel/Jobs Alabama, Dr. Pov, Physicians for Women, Advanced Rehab, Alabama Orthopaedic Specialists, Benchmark/Rehab Associates, Extended Arm Physicians, Dr. Clemmie Palmer

    c.    The Plaintiff will be prejudiced if the Defendant is allowed to call these witnesses because the Plaintiff relied on the Defendant's Initial Disclosures in developing her discovery strategy. Had the Plaintiff known the Defendant intended on calling these witness in this action, she would have taken their deposition.[1] However, the Defendant's failure to timely identify these witnesses precluded the Plaintiff's ability to engage in discovery with respect to these individuals. The Defendant did not identify these witnesses in its Initial disclosures, and should therefore be precluded from calling them as witnesses in this action.

2.    The Plaintiff objects to the Defendant calling a "representative of [Dr. Pov or Physicians for Women] to authenticate records" on the grounds that the Plaintiff's medical records, other than return to work slips, are not of consequence to the elements of the Plaintiff's claims or the Defendant's defenses.

    a.    Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 of the Federal Rules of Evidence states "evidence which is not relevant is not admissible."

---

[1] The Plaintiff deposed all of the persons identified by the Defendant in its Initial Disclosures.

      b.      The Defendant seeks to call representatives from the Plaintiff's medical providers to authenticate records. It is not in dispute that the Plaintiff was pregnant. Any additional testimony as to her medical condition would not relate to any of the elements of her claims or the Defendant's defenses. This testimony would, therefore, be inadmissible because it would not be relevant.[2]

3.      The Plaintiff objects to the Defendant calling a representative from former employers of the Plaintiff (Advanced Rehab, Alabama Orthopaedic Specialists, benchmark/Rehab Associates, Extended Arm Physicians, Dr. Clemmie Palmer) to authenticate documents on the ground that such evidence would not be relevant.

      a.      The Plaintiff's employment history is not of consequence to any of the elements of her claim for pregnancy discrimination or damages. The evidence, therefore, would be inadmissible under Rule 402.

      b.      While the Defendant raised the "after acquired evidence" defense in its Answer, during the Pretrial Conference held on July 2 in this action, this Court struck that defense after the Defendant conceded that it was not presently aware of any evidence which supported the defense. Because the "after acquired evidence" defense is no longer present in this action, the records relating to the Plaintiff's employment prior to Mobis, and any testimony necessary to authenticate the records, would be inadmissible under Rule 402.

                                    /s/ Heather N. Leonard
                                  Heather N. Leonard
                                ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.

---

[2] To the extent the Defendant may argue the documents are relevant to the Plaintiff's claim for compensatory damages, a plaintiff does not place her medical and/or mental condition in controversy merely by claiming damages for mental anguish or emotional distress. *See Stevenson v. Stanley Bostick, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001).

The Gross Building
2108 Rocky Ridge Road, Suite 1
Birmingham, Alabama 35216
(205) 978-7899 voice
(205) 278-1400 fax
Heather@HeatherLeonardPC.com

## CERTIFICATE OF SERVICE

     I hereby certify that on July 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

     Henry C. Barnett, Jr.
     Capell & Howard
     150 South Perry Street, Suite 3710
     Montgomery, AL 36102


                                    /s/ Heather Leonard
                                    Of Counsel